UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FILED

JAN 1 9 2023

CLERK, U.S. DISTRICT COURT

By_____
        Deputy

FORT WORTH DIVISION                                         **O R I G I N A L**

| UNITED STATES OF AMERICA | |
| VS | |
| HAYDEN CURTIS BEARD | 4:21-CR-046-P |

## ORDER SETTING ADDITIONAL TERMS OF SUPERVISED RELEASE

The required Mandatory Conditions listed at 18 U.S.C. § 3583(d) and Section 5D1.3(a) of the Guidelines Manual, including:

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.  ☒You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.  ☐You must participate in an approved program for domestic violence. (check if applicable)

    AND

    The discretionary Standard Conditions set forth by Miscellaneous Order No. 64, as well as the below-listed "Discretionary," "Special," and "Additional" Conditions listed at Sections 5D1.3(b), (d), and (e) of the Guidelines Manual—which, based on the facts and circumstances of the above-referenced case, are (A) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (B) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (C) consistent with any pertinent policy

statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a) ("Notice"):

1. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the direction of the probation officer the defendant shall obtain a substance abuse assessment and participate in any recommended treatment. The treatment program must be approved by the United States Probation Office and the program must include testing to determine whether the defendant has reverted to the use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. In addition to urinalysis testing that may be a part of a formal drug treatment program, the defendant shall submit up to 12 urinalysis tests per month.

2. The defendant shall not consume any alcoholic beverages.

3. The defendant shall not possess or use a computer or cellular telephone with access to any on-line service at any time (including employment) without prior written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, e-mail system, or any public or private computer network system. The defendant shall permit routine inspection of his/her computer system or any other computer system maintained at the defendant's residence to include hard drives and any media storage materials, to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with the defendant's conditions of supervision. The defendant shall inform his/her employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provisions of the condition.

4. The defendant shall provide the probation officer with any requested financial information to verify there have been no payments to an Internet Service Provider or entities that provide access to the Internet via computer, cell phone, PDA, or other electronic media device.

5. The defendant shall have no contact with any person under the age of 18 years without adult supervision, including his/her own family members, nor attempt contact except under circumstances approved in advance and in writing by the probation officer in consultation with the defendant's treatment provider.

6. The defendant shall not seek employment, engage in leisure activities or loiter near places designated primarily for minors such as schools, parks, and arcades, which may bring the defendant into unsupervised contact with any person under the age of 18 years. Contact is defined as any transaction occurring face to face, over the telephone, via mail, over the internet, and any third party communication.

7. The defendant shall not be employed in any capacity which is likely to cause the defendant to come into unsupervised contact with children, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children, except under circumstances approved in advance by the defendant's probation officer.

8. The defendant shall not possess any material showing sexually explicit conduct as defined under 18 U.S.C. § 2256 or as deemed inappropriate by his probation officer and/or treatment provider, or patronize any location or website where such material or entertainment is featured. To assist in monitoring this condition, the defendant shall allow,

at the defendant's expense, the probation office to install monitoring software or hardware on any computer(s) or electronic device(s) in order to determine adherence to this condition. Further, the defendant shall provide the probation officer with any requested financial information to verify any Internet Service Provider account information or entities that provide access to the Internet via computer, cellular telephone, tablet, or any other electronic media device.

9. The defendant shall conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits, within 24 hours of release on supervision or any change in circumstances.

10. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband, a violation of a condition of supervision, or a violation of law. Contraband includes, but is not limited to, any computers, electronic media, videotapes, CD's, DVD's, Zip drives, PDA's or other electronic media storage device that may include images of child pornography. Failure to submit to a search may be grounds for revocation.

11. The defendant shall participate in a program of sex offender assessment and treatment, as directed by the probation officer, until such time as he is released from the program. This assessment, treatment and the entirety of supervised release may include physiological testing such as polygraph to assist in planning, case monitoring, and supervision. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of release. The defendant shall waive his right of confidentiality in treatment and sign any necessary releases for any records imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider(s). Following completion of any sex offender treatment program, the defendant shall continue to submit to polygraph examination at the direction of the probation officer to assist with monitoring any perceived risks of danger to the community and adherence to the terms and conditions of supervision. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any polygraph testing.

12. Until such time that the fine and/or restitution is paid in full, the defendant shall provide the probation officer access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

13. At the direction of the probation officer the defendant shall obtain a mental health assessment and participate in any recommended mental health treatment. The treatment program must be approved by the United States Probation Office. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program.

Signed _____   Date 1|19|23
Hayden Curtis Beard, Defendant